﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 200206-60532
DATE: March 31, 2020

ORDER

Entitlement to service connection for prostate cancer due to ionizing radiation exposure is granted.

FINDING OF FACT

The probative evidence of record reflects that the Veteran’s prostate cancer was incurred in service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for prostate cancer have been met. 38 U.S.C.§§1101, 1110, 1131, 5107, 38C.F.R.§§3.102, 3.303, 3.307, 3.309, 3.311

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from January 1954 to December 1957 and from July 1958 to June 1962. 

This matter comes before the Board of Veterans’ Appeals (Board) from a January 2020 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. In February 2020, the Veteran timely appealed the January 2020 rating decision to the Board and requested a direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Entitlement to service connection for prostate cancer as due to ionizing radiation exposure.

The Veteran seeks service connection for prostate cancer, which he asserts was caused by exposure to ionizing radiation. The AOJ favorably found that the Veteran has a diagnosis of prostate cancer, which is binding on the Board. The AOJ also found that the diagnosed disability is a condition that has been presumptively linked to radiation exposure and is a chronic disease that may be presumptively linked to military service per 38 C.F.R. § 3.311, which pertains to claims based on exposure to ionizing radiation. The Board also notes that the Board determined in a previous October 2018 decision that the Veteran was exposed to ionizing radiation in service. 

In support of his claim, the Veteran submitted an October 2018 dated medical expert opinion from Dr. V. A. C. who provided a link between his prostate cancer and his period of service. She concluded that based on the evidence, the Veteran’s “prostate cancer was at least as likely as not caused by exposure to ionizing radiation and/or RFR while” in service. 

Dr. V. A. C.’s opinion was also highly probative in support of a finding that the Veteran was exposed to ionizing radiation in service. Initially, she sited to the February 2006 Air Force memorandum noting that early exposure to radar systems could have generated ionizing radiation for RFR generating sources such as klystrons. She then noted that the Air Force submitted a letter to VA noting that “the absence of a record in the Master Radiation Exposure Registry (MRER) should not be considered as conclusive evidence that an occupational exposure to radiation did not occur.” She reasoned that in the 1960s, there was “no understanding” that ionizing radiation was released by RFR generating systems, which could explain why no DD 1141 was generated for the Veteran. She also cited to four academic studies. She concluded, “[i]t is now well known that RFR generating equipment in the 1950s and 1960s produced ionizing radiation in the form of x-rays. This is known as Bremsstrahlung radiation. The Thyratrons, Megatrons, Klystrons or other electrical valves, used in radar facilities produced unwelcomed pulse x-rays.” She also noted that because the military was not aware that radar equipment produced ionizing radiation, that it would not be possible to obtain a dose estimate for him. Her opinion provides probative evidence in support of a finding that the Veteran was exposed to ionizing radiation in service. 

The Board notes that the record includes a January 2020 response from the Department of Air Force concerning an inquiry about radiation exposure/dose inquiry for the Veteran. However, the Air Force indicated that there was no radiation exposure data for the Veteran. Nevertheless, as discussed above, the private medical opinion provided a thorough explanation as to why there may be no such data for the Veteran. 

 

Upon review, the Board finds that the private nexus opinion by Dr. V. A. C. acknowledged a review of the Veteran’s records, recitation of the relevant facts and was supported by a thorough rationale. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). The Board accords the opinion of Dr. V. A. C. the most probative weight in a finding that the Veteran’s prostate cancer was incurred in service. The Board notes that not all of the procedures set forth in 38 C.F.R. § 3.311 were followed. However, this is not prejudicial to the Veteran because based upon Dr. V. A. C.’s opinion, service connection may be granted on a direct basis. The preponderance of the evidence is in favor of service connection for prostate cancer. 38 U.S.C. § 5107(b). The appeal is granted. 

 

 

J.N. MOATS

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Lance, Law Clerk

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.